RALPH E. HOSFORD v. THE NEW YORK CENTRAL AND HUDSON
RIVER RAILROAD COMPANY.

*Amendment.*

The New York Central Railroad Company and the Hudson River Railroad Company,
separate corporations, consolidated pursuant to an act of the New-York legislature,
under the name of the New York Central and Hudson River Railroad Company.
The new corporation was sued as a common carrier, by the name of the New York
Central Railroad Company, for damage to property received at a station on the line
of what was formerly the New York Central Railroad, and appeared in court and
claimed a misnomer. *Held*, that the plaintiff was properly allowed on trial, to .
amend the writ by inserting the true name of the new corporation.

CASE against the defendant as a common carrier, for damage in
transporting apples from Batavia, N. Y., a station on the line of
what was formerly the New York Central Railroad, to Boston,
Mass. Plea, the general issue, and trial by jury, April term,
1874, BARRETT, J., presiding.

The defendant was sued by the name of the New York Central
Railroad Company; and on trial the plaintiff moved for leave to
amend the writ so that the defendant's name would be, The New
York Central and Hudson River Railroad Company. The defend-
ant objected to the allowance of the amendment, and in support
of the objection, read an act of the legislature of New York, en-
titled, "AN ACT authorizing the consolidation of certain railroad
companies," passed May 20, 1869; also an agreement of consoli-
dation, made in pursuance of said act on the 15th of September,
1869, between The New York Central Railroad Company and
The Hudson River Railroad Company, whereby said companies
agreed to "merge and consolidate," and to constitute and form
one corporation by the name of The New York Central and Hud-
son River Railroad Company. The 4th section of said act pro-
vided, that upon the consummation of the act of consolidation,
all and singular the rights, privileges, exemptions, and franchises
of each of the corporations parties to the same, and all the
property and debts due, as well as all stock subscriptions and other
things in action belonging to either of said corporations, should

be deemed to be transferred to, and vested in, such new corporation ; and that all claims, demands, property, rights of way, and every other interest, should be as effectually the property of the new corporation as they were of the former corporations parties to said agreement and act. The 5th section provided, that no suit, action, or other proceeding, pending before any court or tribunal, in which either of said companies was a party, should be deemed to have abated or been discontinued by the agreement and act of consolidation ; but that the same might be conducted in the name of the existing corporations, to final judgment, or such new corporation, on motion and order of court, substituted as a party ; and that suits might be brought and maintained against such new corporation in the courts of New York, for all causes of action, in the same manner as against other railroad corporations therein.

The court allowed the amendment, *pro forma* ; to which the defendant excepted. Verdict for the plaintiff.

*Field & Tyler*, for defendant.

Under our statute, courts have a discretionary power to allow amendments in the pleadings, upon such terms as they deem proper ; but their authority to allow changes to be made in the names of parties, is restricted " to the altering the christian name or names of either or any of the parties." Gen. Sts. ch. 30, § 41. The strongest authority for the plaintiff is *Lewis et al.* v. *Locke,* 41 Vt. 11. But in that case, all the defendants were duly in court and upon the record, and the court only allowed their full names to be inserted, so as to make their description more definite. In *Emerson* v. *Wilson,* 11 Vt. 357, the suit was brought originally before a justice in the name of Emerson & Godfrey, and the justice permitted Godfrey's name to be struck out, so as to leave the suit in the name of Emerson alone. This court held that such amendment could not be made. *Bowman* v. *Stowell et al.* 21 Vt. 309 ; *Winn* v. *Averill et als.* 24 Vt. 283. This suit could not have been maintained as brought, against The New York Central Railroad Company ; nor could a judgment if rendered against it, have been satisfied ; for its existence had been merged in the new corporation

which had assumed all its rights, privileges, exemptions, and franchises, and all its property and liabilities. Under the 5th section of said act, suits pending at the time of the passage of the act against either of the existing corporations, might be prosecuted to final judgment, but new suits could not be instituted against them. Without said act, the amendment brings an additional party upon the record, by the name of The Hudson River Railroad Company. Under the act, the plaintiff had brought no party defendant into court. The amendment now introduces upon the record The New York Central and Hudson River Railroad Company, a corporation which is alone liable in this action, if any one is liable, and against which the suit should have been originally brought.

*C. N. Davenport*, for the plaintiff.

The only question is as to the power of the county court to grant the amendment. If the power existed, the way and manner of its exercise is wholly within the discretion of the county court, and not subject to revision here. *Emerson* v. *Wilson*, 11 Vt. 357 ; *Lewis et al.* v. *Locke*, 41 Vt. 11. It will be presumed that the court below was satisfied that the plaintiff intended to sue the defendant as it is now described, and would have done so, but for his ignorance of the fact of consolidation. The declaration shows clearly for what the action was brought. The objection is purely technical, and should have no other favor shown it than the liberal and just interpretation and application of our statute of jeofails requires. *Lippitt* v. *Kelly*, 46 Vt. 525. This statute empowers any court to " amend all imperfections, defects, and want of form ;" and since the act of 1851, the power has extended " to the altering of the christian name or names of either or any of the parties, on such terms as the court shall think proper." Gen. Sts. ch. 30, § 41. The old statute before the act of 1851, was uniformly construed to authorize any amendment which did not introduce new parties or change the form of the action. The names of parties erroneously inserted were permitted to be stricken out. Counts in declarations were allowed to be struck out, so as to prevent a misjoinder of causes of action, and new counts

were permitted, the effect of which was, to enable a plaintiff to recover where before recovery was impossible. The purpose and intent of the plaintiff in bringing his suit and framing his declaration, has always been a controlling consideration with courts in granting or refusing amendments. *Carpenter* v. *Gookin*, 2 Vt. 495; *Emerson* v. *Wilson*, 11 Vt. 357; *Skinner* v. *Grant*, 12 Vt. 456, 462; *Bowman* v. *Stowell*, 21 Vt. 309; *Winn* v. *Averill et als.* 24 Vt. 283; *Trescott* v. *Baker*, 29 Vt. 459; *Hill* v. *Smith et al.* 34 Vt. 535; *Boyd* v. *Bartlett & Tr.* 36 Vt. 9; *Kimball* v. *Ladd*, 42 Vt. 747; *Haskell* v. *Bowen*, 44 Vt. 584. The amendment granted is fully sanctioned by precedent in this state. *Winn* v. *Averill et als. supra; Lewis et al.* v. *Locke, supra; St. Johnsbury* v. *Goodnough*, 44 Vt. 662. In other states, where their statutes of jeofails, as well as their rules of practice, are less liberal than ours, the courts have permitted amendments correcting mistakes in describing the corporate name of defendants. *Burnham* v. *Savings Bank*, 5 N. H. 573; *Ballard* v. *Nantucket Bank*, 5 Mass. 203; *Sherman* v. *Conn. River Bridge*, 11 Mass. 338.

The opinion of the court was delivered by

POWERS, J. In revising the action of the county court in the allowance of amendments to pleadings, we are to presume that all facts necessary to uphold their action were made to appear to that court. In this case, we are to presume that service of the plaintiff's writ was made upon the right party, and that that party appeared in court, and claimed a misnomer. The plaintiff's loss occurred on that portion of the defendant's road formerly known as the New York Central Railroad, and, but for a change of name under which that same railroad was operated, the party was properly named in the writ.

The plaintiff, by his proposed amendment, is not seeking to charge the N. Y. Central Railroad Company *and* the Hudson River Railroad Company, thus bringing onto the record *two* corporations, but he seeks to properly name *one* corporation—the same that he has sued, and the one confessedly liable for his loss. He brings no new party onto the record; he charges no new

party with liability that was before exempt or ought now to be exempt ; he seeks simply to hold in court the party he already has brought there under·a wrong name. The record contains everything needed to amend by, and we think the amendment was properly allowed.

Judgment affirmed.